# MARCH, 1921

FIRST TEXAS STATE INSURANCE COMPANY v. MRS. KATIE SMALLEY.

No. 2750. Decided March 2, 1921.

(228 S. W., 550).

1.—Insurance—Industrial Life—Statute.

Article 4742, Revised Statutes, forbidding issuance of life insurance policies containing certain prohibited provisions, applies though such policies are for small amounts and in consideration of weekly or bi-weekly premiums, issued on the industrial life insurance plan. (P. 71).

2.—Statutory Construction—Mischief and Remedy.

The rule that resort can properly be had to the occasion for the statute's enactment, to the remedy it was designed to afford, and to all the words of the statute, in determining its construction and effect, applied to Article 4742, Revised Statutes. (Pp. 71, 72).

3.—Same—Exceptions in Statute.

The exception from the operation of Article 4742, Rev. Stats., of cases of death from suicide or by following hazardous occupations, shows that the statute forbids the insertion of other conditions or limitations for the diminution of the death benefit, though agreed upon by the parties. (P. 72).

4.—Insurance—Contract—Statute—Departmental Construction—Exceptions Diminishing Liability.

An exception following the statement in a life insurance policy of the amount payable on death, which provided that for death from pulmonary disease originating within twelve months from date of issuance the liability should be limited to one-half the amount otherwise payable, was prohibited by Article 4742, Rev. Stats., and was void. The construction of the statute is not involved in such doubt as to make controlling the ruling of the Insurance Commissioner approving such form of policy. Ramsey v. Tod, 95 Texas, 626; American Natl. Ins. Co. v. Hawkins, 189 S. W., 330, approved and followed. (Pp. 72, 73).

.Questions certified from the Court of Civil Appeals for the First District, in an appeal from the County Court of Harris County.

The Insurance Company appealed from a judgment recovered against it by Mrs. Smalley and her husband; and questions arising therein were certified to the Supreme Court pending a motion for rehearing following an affirmance of the judgment.

*Baker, Botts Parker & Garwood,* for appellant.—Article 4742 of the Revised Statutes applies to a policy of life insurance, and is not applicable. to a policy of Industrial life insurance. The policy now under consideration being one of Industrial life insurance. the clause of the policy providing for different amounts under different circumstances is not and cannot be in contravention of the statute. Rev. Stats., arts. 4741, 4742, 4759, 4760; Life & Cas. Ins. Co. v. King, 195 S. W., 585.

Even though it could be held that Article 4742 R. S., 1911, is applicable to the policy in this case, still the clause providing for payment of a less amount if the insured dies within twelve months after the policy is issued is not in contravention of such statute. Metropolitan Ins. Co. v. Drach, 101 Pa. St., 278; Walker v. John Hancock L. Ins. Co., 45 N. E., 89; Ulmer v. Phoenix Ins. Co., 39 S. E., 712.

The construction of the statute, as applied to this policy, is so doubtful that the ruling of the Insurance Commissioner, holding the policy lawful, is binding upon the courts. Union Ins. Co. v. Hoge, 24 How. (62 U. S.,) 35; United States v. Philbrick, 120 U. S., 53; United States v. Hill, 120 U. S., 169; Edwards' Lessee v. Darby, 12 Wheaton, 206; Robertson v. Donning, 127 U. S., 607; United States v. Hermanos & Co., 209 U. S., 337; Jacobs v. Pritchard, 223 U. S., 200; United States v. Twitchell, Co., 184 Fed., 525; United States, v. Hemmer, 195 Fed., 790; Illinois Surety Co. v. United States, 215 Fed., 334; Scanlan v. Childs, 33 Wis., 663; In re Board etc., 33 N. Y. S., 594; Commonwealth v. Gregory, 89 S. W., 168; Smith v. Bryan, 40 S. E., 652; Logansport Exchange v. Sands, 101 N. E., 12; State v. Schiveley, 114 Pac., 901; Van Veen v. Graham County, 108 Pac., 252; Regan v. School Dist., 87 Pac., 828; Tolleson v. Rogan, 96 Texas, 424.

*Atkinson, Graham & Atkinson,* for appellee.—The attempted limitation on the amount of recovery was prohibited by the statute. Rev. Stats., art. 4742, par. 3; First Texas State Ins. Co. v. Bell, 184 S. W., 277; American National Ins. Co. v. Hawkins, 189 S. W., 330.

Departmental construction can not vary or defeat the real intention of the Legislature. 36 Cyc., 1139, 1140; 26 Am. & Eng. Enc. of Law, 635; Fire Assn. v. Love, 101 Texas, 381.

For departmental construction to be of value to a court in construing a statute, such construction must have been made and followed many years. Same authorities. Also: Merritt, Collector, v. Cameron, 137 U. S., 551; Clyde Nav. Trustees v. Laird (England) 8 App. Cas., 658-673; United States v. Graham, 110 U. S., 219; United States v. Dickson, 15 Pet., 161; Floyd Acceptance Case, 1 Ct. of Claims, 270; Commonwealth v. Owensboro, etc. R. Co., 95 Ky., 60; Ewing v. Ainger, 97 Mich., 381; Van Loon v. Lyons, 61 N. Y., 22; Matter of Manhattan Sav. Inst., 82 N. Y., 142; Simpson v. Willard, 14 S. C., 195; Travelers Ins. Co. v. Fricke, 94 Wis., 258; State v. Fricke, 102 Wis., 107; Dollar Sav. Bank v. United States, 19 Wall., 227; Goldsborough v. United States, Taney (U. S. C. C.), 80; Employers' Liability Assur. Co. v. Insurance Com'rs., 64 Mich., 614; Isherwood v. Oldknow, 3 M. & S., 396; In re Ford, 10 Ch. Div. 370; Feather v. Regina, 6 B. & S., 257, 118 E. C. L. 257.

MR. JUSTICE GREENWOOD delivered the opinion of the court.

QUESTIONS CERTIFIED FROM THE COURT OF CIVIL APPEALS OF THE FIRST SUPREME JUDICIAL DISTRICT OF TEXAS IN AN APPEAL FROM THE COUNTY COURT OF HARRIS COUNTY.

The certificate of the Honorable Court of Civil Appeals discloses:
Appellee, Katie Smalley, joined by her husband, brought this suit against appellant, to recover the principal sum of $172.00, besides interest, penalty and attorney's fees, upon a policy of insurance issued by appellant, on the life of Henry Jones, a brother of Katie Smalley. By the policy, the appellant agreed and promised to pay to appellee Katie Smalley, in consideration of a weekly premium of ten cents paid and to be paid, the sum of $172.00 upon the death of Henry Jones, subject to conditions, of which one was: "In event of death of Insured resulting from any pulmonary disease, or diseases of the heart, kidneys or liver, which had their beginning during the first twelve months from the date of this policy, then the liability of the Company shall be limited to one-half of the amount that would have been payable under this policy in consequence of death from any other disease." The clause stating this condition immediately succeeded the promise to pay $172.00 upon the death of the insured, both the promise and the condition appearing on the face of the policy. The form had been approved by the Commissioner of Insurance before the policy was issued to Henry Jones.

The defendant plead that the insured, Henry Jones, died from a pulmonary disease, towit: pneumonia, which had its beginning during the first twelve months from the date of the policy, and tendered $86.00 in full satisfaction of appellant's liability on the policy.

The undisputed evidence showed that the insured did die from a pulmonary disease, which had its beginning before twelve months had expired from the date of the policy.

The County Court gave judgment for appellee Katie Smalley against appellant for the full principal sum of $172.00, besides interest, penalty and attorney's fee, and this judgment was affirmed by the Galveston Court of Civil Appeals.

Pending consideration of a motion for rehearing, the Honorable Court of Civil Appeals has certified to this court the following questions:

Question One. Is the clause of the policy hereinabove set out in contravention of Article 4742, Revised Statutes 1911, and is the same for that reason void.

Question Two. Is the construction of the statute, as applied to this policy, so doubtful that the ruling of the Insurance Commissioner is binding upon the courts.

We answer "Yes" to Question One and "No" to Question Two.

Subdivision 3, of article 4742, of the Revised Statutes of 1911, provides that no policy of life insurance shall be issued or delivered in this state, or be issued by a life insurance company incorporated under the laws of this state, if it contains "a provision for any mode of settlement at maturity of less value than the amounts insured on the face of the policy, plus dividend additions, if any, less any indebtedness to the company on the policy, and less any premium that may, by the terms of the policy, be deducted; provided, that any company may issue a policy promising a benefit less than the full benefit in case of the death of the insured by his own hand while sane or insane, or by following stated hazardous occupations."

The emphatic language that *"no policy of life insurance"* shall be issued or delivered in this state containing prohibited provisions does not admit of the construction that life insurance policies may be issued in this state containing the prohibited provisions, though issued for small amounts and in consideration of weekly or bi-weekly premiums. The policy is therefore not relieved from conflict with article 4742 merely because issued on the industrial life insurance plan.

In order to determine the true meaning of the obscure prohibition against provisions for modes of settlement of less value than the amounts insured on the face of a life insurance policy, plus dividends and less premiums and other indebtedness, subject to certain exceptions, resort can properly be had to the occasion for the statute's enactment, and to the remedy it was designed to afford, and to all the words of the statute.

It was formerly usual for policies of life insurance to contain numerous conditions on which the amount or amounts promised to be

paid on the death of the insured might be reduced or entirely defeated. Among common conditions were those relating to the insured's occupation, habits, residence, and suicide. Not infrequently the amount of the insurance was stated in bold type, on the face of the policy, while the conditions were inconspicuously put on the back. Such policies could be used to lead the unwary into the belief that they held enforcible promises of real and substantial benefits, when the promises were so limited and conditioned as to have slight actual value. In this way premiums could be collected from the insured in exchange for apparent, rather than real, obligations on the part of the insurers.

The above were evils to be remedied by the statute, which was enacted in the interest of the insured. To accomplish the legislative intent, the language of the statute must be given such signification as to afford a reasonable remedy for these evils. The public policy declared is that the amounts promised to be paid on the death of the insured are not to be withheld nor diminished under limitations or conditions except to the extent of subsisting indebtedness to the insurer, including premiums, save in the specially enumerated instances of the insured's death by suicide or from following specified hazardous occupations. In this way the contract in this State as to benefits from life insurance is rendered simple and easily understood by all, including those lacking legal or business experience.

The Legislature deemed it necessary to except from the operation of the statute provisions for the reduction of promised benefits where the insured met his death by his own hand or by the pursuit of a hazardous occupation. The exceptions make plain the intent that the statute should apply in all cases not excepted, and remove any doubt as to the correctness of our interpretation.

If the statute carried no interdiction against conditions on the face of the policy reducing the promised benefits, there was no need of the proviso permitting reductions in the event of deaths from suicide and hazardous occupations. Hence, the rule which requires that significance and effect be given to every express provision of a statute forbids the construction that the first portion of subdivision three contained nothing to prevent the insertion of such conditions or limitations for the diminution of the death benefit as might be agreed upon by the parties.

The object of the statute being to prevent insurers from accomplishing a diminution in the payments promised, except as expressly authorized, it is mandatory. To give effect to the inhibited clauses would be to abrogate or evade the statute. Provisions inconsistent with the statute are void.

Having proper regard to governing rules, the construction of this statute is not involved in such doubt as to make controlling the ruling

of the Insurance Commissioner in approving the policy form. Ramsey v. Tod, Secy. of State, 95 Texas, 626, 93 Am. St., 875; 69 S. W., 133.

Our conclusions are in accord with those which led to an affirmance of the judgment of the trial court by the Galveston Court of Civil Appeals, as well as with the opinion of the Texarkana Court of Civil Appeals in the case of American Natl. Ins. Co. v. Hawkins, 189 S. W., 330.