**AMERICAN NAT. INS. CO. v. WALKER.**
(No. 2814.)

(Court of Civil Appeals of Texas. Texarkana. Nov. 30, 1923. Rehearing Denied Dec. 6, 1923.)

**1. Insurance ⬤⟶665(3)—Violation of clause requiring good health of insured held violated as matter of law.**

Where a mother took out a policy on the life of her daughter who was living at another place without the daughter's knowledge, the undisputed testimony of a physician who attended the daughter after the policy was issued showing that she had suffered from pulmonary tuberculosis for many months prior to the insurance contract *held* to show violation as a matter of law of a provision requiring sound health at the time of issuance.

**2. Appeal and error ⬤⟶999(1)—Findings of jury on fact questions are not always conclusive.**

Though great weight should be given on appeal to jury findings on questions of fact, they are not to be treated as conclusive in all cases.

---

⬤⟶For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**3. Insurance ⟨⟩515—Life policy limiting recovery for death within 6 months held legal notwithstanding statute.**

An insurance contract limiting recovery if insured died within six months from date of issuance to a certain fixed amount less than the amount recoverable thereafter was legal notwithstanding Rev. St. art. 4742, prohibiting issuance of life policies providing modes of settlement for less than face value.

Appeal from Bowie County Court; O. B. Perkey, Judge.

Action by Ada Walker against the American National Insurance Company. Judgment for plaintiff, and both parties appeal. Reversed and remanded.

Wheeler & Robison, of Texarkana, for plaintiff.

Wm. V. Brown, of Texarkana, for defendant.

HODGES, J. The appellee as beneficiary filed this suit against the appellant to recover the sum of $246 alleged to be due upon an insurance policy issued to her daughter, Margarette Lee. She also sought a judgment for damages and attorney's fees. Among other defenses the appellant pleaded that the insured was not in good health either at the time the application for insurance was made or on the date when the policy was issued and delivered. Appellant also pleaded that after the policy had been issued and delivered, and before the death of the insured, it was taken up and canceled by agreement of the parties, and the premiums theretofore paid returned; that the appellee, as beneficiary, executed a written instrument releasing appellant from further liability on the policy.

The court submitted only two issues to the jury; (1) Was the insured in sound health at the time the policy was issued? (2) Was the release pleaded by the defendant signed by the plaintiff in the suit or by some one acting by her authority? The jury answered the first question in the affirmative and the second in the negative. The court then entered a judgment in favor of the plaintiff for $123, half of the sum sued for, together with damages and $50 as an attorney's fee. Both parties are here complaining of that judgment. The insurance company complains because it was held liable for any sum, mainly upon the ground that the evidence conclusively showed that the insured was not in good health at the time the policy was issued and delivered. The appellee complains because she failed to get judgment for the full amount sued for.

The material portions of th policy sued on are as follows:

"American National Insurance Company, in consideration of the payment in advance of the premium mentioned in the schedule below on or before each Monday during the continuance of this contract, doth hereby agree, subject to the agreements and conditions below and on the reverse hereof, each of which is hereby made part of this contract and contracted by the assured to be part hereof as fully as if herein recited, to pay, immediately upon receipt of due proof of the death of the insured made in the manner, to the extent and upon the blanks required herein, and upon surrender to the home office of this policy and all receipt books, the amount stipulated in said schedule: Provided, however, that no obligation is assumed by the company prior to the date hereof, nor unless on said date the insured is alive and in sound health.

| Schedule (above referred to). | |
|---|---|
| Name of Insured. | Name of Beneficiary. |
| MARGARETTE LEE | ADA WALKER, MOTHER |

| Age next birthday. | Weekly Premium. | Am't payable if death occurs within 6 months from date hereof, $123.00. Am't payable if death occurs thereafter, $246.00. |
|---|---|---|
| 25 years. | 15 cents. | |

"Additional Benefits.—If this policy has been in force six full months and the insured be between ten and seventy-five years of age and die as the result of accidental injuries caused solely by external, violent and accidental means, producing visible and external marks upon the body, such death occurring within three months from date of said injuries, subject to all the terms and conditions of the policy, and if said death shall also be in no way connected or associated with any form of disease, and did not result from military or naval service in time of war, the amount payable hereunder as a death claim shall be increased by 25% of the amount stipulated above and shall then amount to $309.00."

The evidence shows that the application for the insurance was made by the appellee, Ada Walker, who resided in Texarkana, Tex., and for a policy on the life of her daughter, Margarette Lee, who was married and then resided in Fort Worth, Tex. The application was upon a blank evidently prepared for the signature of the insured. It contains, among others, the following:

"I hereby apply for insurance for the amount herein stated, and declare and warrant that the answers to the above questions are complete, correct and true to the best of my knowledge and belief. I agree that said answers with this declaration shall form the basis of a contract of insurance between me and the American National Insurance Company, and that any policy which may be granted in pursuance of this application shall be accepted subject to the terms, conditions and agreements in said policy. I further agree that no obligation shall exist against said company on account of this application, although I may have deposited premiums hereon, unless said company shall issue a policy in pursuance hereof and the same is delivered to me on the day it bears date, and

⟨⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

unless on said date I am alive and in good health, any statement of any agent to the contrary notwithstanding."

The application bears the signature of Margarette Lee, but the undisputed testimony shows that it was made without the knowledge of Margarette Lee, and was signed either by the appellee or by some other person at her instance. It also appears without contradiction that the appellee made all the representations concerning the health of the insured upon which the policy was issued. After its issuance the policy was delivered to the appellee, and it does not appear that her daughter, Margarette Lee, knew of its existence until a short time before she died in the following June. The application was dated February 18, 1922, and the policy was dated March 6 following.

[1] The evidence concerning the health of the insured is substantially as follows: The appellee testified that her daughter, Margarette Lee, had been living in Fort Worth and had not been at home for more than a year before she returned in May prior to her death in the following June, and she did not appear to be in good health at the time she returned. A physician, Dr. Robison, was called in, and stated that Margarette Lee had consumption. The appellee had informed the agent at the time the policy was applied for that to the best of her knowledge Margarette Lee was in good health. Dr. Robison testified that he was called to see Margarette Lee about May 25, 1922, and found her in poor health. She was very much emaciated, and was suffering with pulmonary tuberculosis. Judging from her physcial appearance and what she told him about her past sickness, he concluded that she had been suffering from pulmonary tuberculosis eight or ten months, and probably longer. She told him that she had been in ill health since October, 1921; that she had been living at Fort Worth, and doctors there had been visiting her and they told her that she had some lung trouble about Christmas of 1921, or just before. She stated that she had left Fort Worth about two or three weeks before witness was called in, and that she had been in bed sick since the latter part of January or the first of February, 1922. She died about the middle of June following. From the history this woman gave and from her general appearance witness concluded that she was not in sound health either in February or in March of 1922. There is nothing in the record which tends in the least to dispute that testimony.

[2] In view of those facts it is difficult to find a satisfactory ground for the affirmative answer which the jury gave to the first question propounded by the court. All the evidence in the case pointed clearly to the fact that the insured was suffering from pulmonary tuberculosis at the time and prior to the issuance and delivery of the policy. Great weight should be given on appeal to findings of juries upon issues of fact, but such are not to be treated as conclusive in all cases. We feel that in this case justice requires that this verdict be set aside and that this case be remanded for a new trial.

The remaining assignments presented by the appellant are overruled, without discussion.

[3] The appellee had filed cross-assignments based upon the refusal of the court to render a judgment for the full amount sued for. As supporting her right to such a judgment counsel refer to article 4742 of the Revised Civil Statutes, which provides that—

"No policy of insurance shall be issued or delivered in this state, or be issued by a life insurance company incorporated under the laws of this state, if it contains any of the following provisions: * * * 3. A provision for any mode of settlement at maturity of less value than the amounts insured on the face of the policy, plus dividend additions, if any, less any indebtedness to the company on the policy, and less any premium that may, by the terms of the policy, be deducted," etc.

That article we think has no application to a policy of this kind. Here the face of the policy provided that, if the insured died within six months from the date of the policy, the benefit was limited to $123. The contract is one which the parties had a legal right to make. It does not contravene any statute or rule of public policy. We conclude that the court did not err in ruling upon that question.

For the reasons stated, the judgment will be reversed, and the cause remanded.