# NOVEMBER, 1935

ATLANTA LIFE INSURANCE COMPANY V. MARJORIE CORMIER.

No. 6413.   Decided October 2, 1935.
Rehearing overruled November 6, 1935.
(85 S. W., 2d Series, 1045.)

*Ross, Lawler, Wood & Childress,* and *W. E. Dyche, Jr.,* all of Houston, for appellant.

Death caused by disease contracted prior to the date of the issuance of the policy was a risk not assumed, insured against, or covered by the policy of insurance in question, and since deceased's death was caused by a disease existing prior to and at the date of the issuance of such policy, appellee was not entitled to recover thereon.   And being a risk not assumed by the policy the incontestable clause was without application,

such clause of necessity relating only to risks insured against or assumed by the policy. Neither was the provision in the policy limiting the risks insured against in contravention of Articles 4732 and 4733, R. S., 1925, regulating provisions to be included or excluded from policies of life insurance. Wright v. Federal Life Ins. Co. (Com. App.), 248 S. W., 325; Scales v. Jefferson Standard L. Ins. Co., 155 Tenn., 412, 295 S. W., 58; National Life Ins. Co. v. Jackson, 161 Ark., 597, 256 S. W., 378; Rodgers v. National Life & Acci. Ins. Co. (Mo. App.), 272 S. W., 1052.

*John J. Sargent,* of Houston, for appellee.

A policy of life insurance is incontestable on any ground (except for nonpayment of premiums or violation of provisions relative to military or naval service in time of war) unless the insurer takes steps to cancel, rescind or avoid liability on same within two years from date of issue, after which time insurer is precluded by statutes from claiming the benefit of a provision in the policy relieving it of liability in event of death of insured as the result of certain specified causes, especially when it made no offer to return the premiums paid. American Natl. Ins. Co. v. Tabor, 111 Texas, 155, 230 S. W., 397; American Natl. Ins. Co. v. Welsh, 22 S. W. (2d) 1063; Kansas City Life Ins. Co. v. First Bank of Truscott, 47 S. W. (2d) 677.

*M. L. Pepper,* of Houston, filed brief as amicus curiae.

Mr. Judge HICKMAN delivered the opinion of the Commission of Appeals, Section A.

The certificate of the Honorable Court of Civil Appeals discloses the following facts:

On March 11, 1929, the Atlanta Life Insurance Company executed and delivered to Arnotole Cormier its policy of life insurance in which his wife, Marjorie Cormier, was named as beneficiary. The insured died on April 9, 1931. In a suit by the beneficiary on the policy the insurance company pleaded as a defense to its liability that prior to and at the time the policy was issued the insured was afflicted with epilepsy, from which he died, and in that connection pleaded the following provision of the policy:

"4. No death benefit shall be payable hereunder when death is the result of immorality, or a disease contracted prior to the date hereof, or of resisting the legal execution of law, or legal authority by the insured, or when death is the result

of suicide, it being understood and agreed to that death resulting from these causes, or any one of them, is not a risk undertaken or assumed under this policy of insurance."

It was established upon the trial that the insured died of epilepsy, which disease was contracted prior to the date of the issuance of the policy. The question certified is:

"Could the Insurance Company, in view of the incontestable clause of the policy and Section 3 of Article 4732, Revised Civil Statutes of Texas, defend after the expiration of two years upon the ground that the cause of the death of the insured was a risk not insured against?"

Our statutes, Articles 4732 and 4733, require that life insurance policies issued or delivered in this State or issued by a life insurance company organized under the laws of this State shall contain certain provisions and shall not contain certain other provisions. One of the provisions which such policies are required to contain is:

"That the policy, or policy and application, shall constitute the entire contract between the parties and shall be incontestable not later than two years from its date, except for nonpayment of premiums; and which provision may or may not, at the option of the company, contain an exception for violations of the conditions of the policy relating to naval and military services in time of war." Art. 4732, Sec. 3.

One of the prohibited provisions is:

"A provision for any mode of settlement at maturity of less value than the amounts insured on the face of the policy, plus dividend additions, if any, less any indebtedness to the company on the policy, and less any premium that may, by the terms of the policy, be deducted. Any company may issue a policy promising a benefit less than the full benefit in case of the death of the insured by his own hand while sane or insane, or by following stated hazardous occupations. This provision shall not apply to purely accident and health policies. No foregoing provision relating to policy forms shall apply to policies issued in lieu of, or in exchange for, any other policies issued before July 10, 1909." Art. 4733, Sec. 3.

An answer to the question certified is afforded by the opinion of this Court in First Texas State Insurance Co. v. Smalley, 111 Texas, 68, 228 S. W., 550. In that case it was held that the statute last above quoted rendered void a provision of a policy of life insurance that, in the event the death of the insured should result from any pulmonary disease having its beginning within 12 months from the date of the policy,

the liability of the company was limited to one half of the amount stated in the face thereof. There is no real distinction between the question there decided and the one presented in the instant case. If a provision for the payment of less than the full amount for which the policy is issued is void, certainly a provision for the payment of nothing at all is void. Life insurance companies issuing policies of life insurance in this State are not left free to determine what exceptions they will write into their policies. The statutes name the permitted exceptions, and a provision adding other exceptions is void. Any other construction of the statutes would thwart the evident purpose of their enactment. If the exception attempted to be made in this case should be upheld as valid, there would be no limit to the number of exceptions that could be written into a policy of life insurance and, by multiplying them, an insurance company could whittle down the risks it assumes until its policies would have but little if any real value. To prevent this was the purpose for which the statutes were enacted.

The question certified is answered "No."

Opinion adopted by Supreme Court October 2, 1935.

Rehearing overruled November 6, 1935.