## WASHINGTON NAT. INS. CO. v. CLAY et al.

### No. 2823.

Court of Civil Appeals of Texas. Beaumont. Oct. 10, 1935.

Burris & Benton, of Houston, for appellant.

J. A. Collier and M. L. Pepper, both of Houston, for appellees.

WALKER, Chief Justice.

This appeal was prosecuted from the county court at law of Harris county to the Galveston Court of Civil Appeals, and transferred to this court by orders of the Supreme Court.

The judgment was founded upon a combination life, health, and accident insurance policy issued by appellant, Washington National Insurance Company, to Moster Noble on October 8, 1928, in which Polly Noble was named beneficiary; and, after the death of the insured, the policy was assigned by the beneficiary to appellees Clay & Clay, undertakers. Judgment was in favor of appellees for the sum of $239.80.

In defense of appellees' cause of action, appellant specially pleaded the following policy conditions:

"No benefits will be paid for dismemberment, disability or death resulting wholly or in part, directly or indirectly, from any venereal disease; gunshot or stab wound; war or riot; injuries, fatal or otherwise, sustained while, or in consequence of, violating the law; or for injuries caused wholly or in part, by the intentional act of any person other than the Insured."

"This policy, together with the application, constitutes the entire contract; and insofar as the Funeral Benefit is concerned it shall be incontestable except as affected by the provisions of paragraphs 1 and 4 to 9, inclusive, of the Conditions, after having been continuously in force and all premiums paid for two full years."

Moster Noble met his death under the following conditions, statement taken from appellant's brief: "On June 26th, 1932, while said policy was in full force and effect Moster Noble engaged in an argument with Andrew Jones near Jones' house, left for a short time and returned with a knife in his hand threatening to kill Jones, who was standing in or near the doorway of his house. Noble continued to approach the house, cursing and threatening Jones, who told him to go away. Jones procured a shotgun and as Noble approached him, shot him and killed him."

Appellant advances the three following propositions in support of its prayer that

the judgment of the lower court be reversed and judgment here rendered in its favor:

"Where the defendant insurance company never assumed the risk of death of insured from injuries sustained from gunshot wounds or injuries received while, or in consequence of, violating the law, defending the policy of insurance on those grounds is not a contest within the meaning of the incontestable clause required in life insurance policies by subdivision 3 of article 4732, Revised Statutes of 1925, but an effort to enforce the policy in accordance with its terms."

"Article 4732, Revised Statutes of 1925, providing what policies of life insurance shall contain does not apply to accident and health policies."

"Where the defendant insurance company included in an accident and health policy a provision for payment of a small funeral benefit, it is not thereby precluded by subdivision 3, article 4732, Revised Statutes of 1925, from excepting from the risks assumed, injuries, fatal or otherwise, sustained by insured from gunshot wounds and while, or in consequence of, violating the law."

The opinion of the Commission of Appeals in Atlanta Life Ins. Co. v. Marjorie Cormier, 85 S.W.(2d) 1045, 1046, filed on the 2d instant, supports the trial court's construction of the policy in issue. Construing a similar condition of the policy of the Atlanta Life Insurance Company, the Commission of Appeals said: "If a provision for the payment of less than the full amount for which the policy is issued is void, certainly a provision for the payment of nothing at all is void. Life insurance companies issuing policies of life insurance in this state are not left free to determine what exceptions they will write into their policies. The statutes name the permitted exceptions, and a provision adding other exceptions is void. Any other construction of the statutes would thwart the evident purpose of their enactment. If the exception attempted to be made in this case should be upheld as valid, there would be no limit to the number of exceptions that could be written into a policy of life insurance, and, by multiplying them, an insurance company could whittle down the risks it assumes until its policies would have but little, if any, real value. To prevent this was the purpose for which the statutes were enacted."

First Texas State Ins. Co. v. Smalley, 111 Tex. 68, 228 S. W. 550, was cited in support of the judgment.

The judgment appealed from is in all things affirmed.