## UNIVERSAL LIFE INS. CO. v. GRANT.

### No: 12342.

Court of Civil Appeals of Texas. Dallas.

April 30, 1938.

Rehearing Denied May 28, 1938.

Callaway & Reed and Frank C. Brooks, all of Dallas, for appellant.

B. Ray Smith, of Corpus Christi, for appellee.

LOONEY, Justice.

Daisy (Dorsey) Grant, as beneficiary, brought this suit on an insurance policy issued by the Universal Life Insurance Company, insuring the life of Luther Grant, deceased husband of plaintiff. The case was tried without a jury and resulted in judgment for the plaintiff, from which defendant company appealed.

The defendant urged a defense under subd. 12 (conditions of the policy) reading as follows: "No benefit shall be paid for death resulting from * * * acts in violation of any federal, state or municipal

laws committed by either the insured or the beneficiary; occupations or diversions in violation of any state or federal laws * * *, injuries received while in the commission of crime or resisting officers of the law"; alleging that the death of Luther Grant resulted from acts or diversions violative of the criminal laws of the State, or from injuries received while in the commission of crime, within the meaning of the above quoted provision of the policy.

■ Luther Grant was shot and killed by a peace officer of the City of Dallas, under substantially the following circumstances: on account of considerable chicken stealing in the southern portion of the city, the Police Department assigned Sergeant Wicker and Officer Bates to that locality for the purpose of discovering the thief and breaking up the thievery. From inquiries made they concluded that the chickens being stolen were delivered at a certain grocery store; hence, at about 1:30 A. M., the officers, lying in wait at the rear of such place, saw a negro man (who proved to be Luther Grant) coming through an alley with four sacks of chickens on his back and a bundle of clothing under his arm, having stolen the chickens and clothing, and was in the act of unloading the chickens at the grocery store, having been supplied with a key by the proprietor for that purpose—and, on being accosted by the officers, refused to surrender, attemped to escape, was shot by one of the officers, and died within a few hours. These facts, in our opinion, show that, at the time insured was shot, he was engaged in criminal activities, within the meaning of the quoted provision of the policy. He had stolen chickens and clothing and was in the act of delivering loot at the previously appointed place and, when accosted by officers, attempted to escape and was shot. The question involved is not whether, under the circumstances, the officers acted lawfully, but whether Grant was acting unlawfully.

Plaintiff contends that the quoted provision of the policy is void, hence cannot be invoked as a defense. The contention is predicated upon provisions of Art. 4733, subd. 3 of the statute, as follows: "No policy of life insurance shall be issued or delivered in this State, or be issued by a life insurance company incorporated under the laws of this State, if it contains any of the following provisions: * * * 3. A provision for any mode of settlement at maturity of less value than the amounts insured on the face of the policy, plus dividend additions, if any, less any indebtedness to the company on the policy, and less any premium that may, by the terms of the policy, be deducted * * *."

This statute was under construction by the Supreme Court, in First Texas, etc., Co. v. Smalley, 111 Tex. 68, 228 S.W. 550. The court had under consideration an exception following the statement in a life policy of the amount payable on death (as in the instant case), providing that, for death from pulmonary disease, originating within 12 months from date of the issuance of the policy, the liability should be limited to one-half the amount otherwise payable. The court held that, under the statute, the exception was void, and, in this connection, speaking through Justice Greenwood, said (page 551): "It was formerly usual for policies of life insurance to contain numerous conditions on which the amount or amounts promised to be paid on the death of the insured might be reduced or entirely defeated. Among common conditions were those relating to the insured's occupation, habits, residence, and suicide. Not infrequently the amount of the insurance was stated in bold type, on the face of the policy, while the conditions were inconspicuously put on the back. Such policies could be used to lead the unwary into the belief that they held enforceable promises of real and substantial benefits, when the promises were so limited and conditioned as to have slight actual value. In this way premiums could be collected from the insured in exchange for apparent, rather than real, obligations on the part of the insurers. The above were evils to be remedied by the statute, which was enacted in the interest of the insured. To accomplish the legislative intent, the language of the statute must be given such signification as to afford a reasonable remedy for these evils. The public policy declared is that the amounts promised to be paid on the death of the insured are not to be withheld nor diminished under limitations or conditions, except to the extent of subsisting indebtedness to the insurer, including premiums, save in the specially enumerated instances of the insured's death by suicide or from following specified hazardous occupations. In this way the contract in this state as to benefits from life insurance is rendered

simple and easily understood by all, including those lacking legal or business experience".

The statute was also under consideration in the case of Atlanta Life Ins. Co. v. Cormier, 126 Tex. 179, 85 S.W.2d 1045, 1046, which involved a life policy, containing a provision that no death benefit should be payable where death resulted from a disease contracted before the date of the policy. This provision was held void, in view of the statute under consideration. Commission "A", answering certified questions through Judge Hickman, used the following pertinent language: "An answer to the question certified is afforded by the opinion of this court in First Texas State Ins. Co. v. Smalley, 111 Tex. 68, 228 S.W. 550. In that case it was held that the statute last above quoted rendered void a provision of a policy of life insurance that, in the event the death of the insured should result from any pulmonary disease having its beginning within 12 months from the date of the policy, the liability of the company was limited to one-half of the amount stated in the face thereof. There is no real distinction between the question there decided and the one presented in the instant case. If a provision for the payment of less than the full amount for which the policy is issued is void, certainly a provision for the payment of nothing at all is void. Life insurance companies issuing policies of life insurance in this state are not left free to determine what exceptions they will write into their policies. The statutes name the permitted exceptions, and a provision adding other exceptions is void. Any other construction of the statutes would thwart the evident purpose of their enactment. If the exception attempted to be made in this case should be upheld as valid, there would be no limit to the number of exceptions that could be written into a policy of life insurance, and, by multiplying them, an insurance company could whittle down the risks it assumes until its policies would have but little, if any, real value. To prevent this was the purpose for which the statutes were enacted". This opinion was adopted by the Supreme Court.

■ The statute was under construction again, in Washington Nat. Ins. Co. v. Clay, Tex.Civ.App., 86 S.W.2d 834, involving a combination life, health and accident policy, containing an exception from liability for death from injuries sustained from gun-shot wounds, or injuries received while, or in consequence of, violating the law. The proof showed that the insured was shot and killed while threatening to kill his assailant with a knife, which he had in his hand when shot; thus indicating clearly that he met death while in the act of violating the law. The Beaumont Court, speaking through Judge Walker, held the exception from liability clause of the policy void, citing the two cases just referred to. So, we conclude that the instant case cannot be defended under the exception heretofore set out, therefore overrule all assignments and propositions in regard to this contention. After due consideration, other assignments and propositions touching the question of liability are also overruled.

■ However, defendant contends that, at all events, the judgment of the court is excessive. This contention is based upon the language of the policy obligating defendant to pay, as a death benefit, $87, the minimum amount named in the schedule, if the insured died within 12 months from date of the policy; the maximum amount being $174, and was payable on the death of insured after 12 months from the date of the policy. · The policy was issued March 19, 1934, and insured was shot and killed five days thereafter. In view of this situation, the amount payable as a death benefit was not uncertain—that is, defendant was only liable for the minimum amount, $87, if death occurred within the first year; however, the court entered judgment for the maximum amount of $174, with statutory penalty, $20.88, interest from and after May 19, 1934, $19.66, and attorney's fee in the sum of $75, aggregating $289.54. The judgment, in our opinion, is excessive to the extent of one-half, that is to say, judgment should have been rendered for the principal sum of $87, statutory penalty of 12 percent, $10.44, interest from May 19, 1934, to the date of judgment, $9.83, and reasonable attorney's fee $37.50; aggregating $144.77. Defendant could have avoided the statutory penalties by offering to do equity—that is, by offering to pay the amount actually due and owing.

Plaintiff contends however that, the provision for payment of the minimum amount, if insured died the first year, was in contravention of sec. 3, Art. 4733, and

816

therefore void. We do not think so. In American, etc., Co. v. Walker, Tex.Civ. App., 256 S.W. 950, having under consideration a policy containing similar provisions, the court said (page 952): "That article [the statute invoked] we think has no application to a policy of this kind. Here the face of the policy provided that, if the insured died within six months from the date of the policy, the benefit was limited to $123. The contract is one which the parties had a legal right to make. It does not contravene any statute or rule of public policy. We conclude that the court did not err in ruling upon that question". Also, in Great Southern, etc., Co. v. Akins, Tex.Civ.App., 105 S.W.2d 902 (writ ref.) a similar policy being under consideration, the court said (page 904): "Furthermore, such limiting provisions are part of the very paragraph creating the right to double indemnity, and instead of providing for a different mode of settlement of a right previously granted, they constitute a carving or taking out of a part of what otherwise would have been the grant so that the insurance company never obligated itself to pay double indemnity in those cases where the death was the result of homicide. Travelers' Ins. Co. v. Harris (Tex.Com.App.) 212 S.W. 933; Coyle v. Palatine Ins. Co. (Tex.Com.App.) 222 S.W. 973, 975". Also see Great Southern, etc., Co. v. Cunningham (by Commission "B"), 128 Tex. 196, 97 S.W.2d 692.

So, we conclude that the court committed error in rendering judgment for the maximum amount, with penalties, attorney's fees, interest, etc., based thereon, therefore the same is reformed by reducing the amount to $144.77, and as reformed is affirmed, with interest thereon at six percent per annum from March 16, 1936, and all costs of the court below; the costs incident to the appeal to be taxed against plaintiff.

Reformed, and, as reformed, affirmed.

### On Rehearing.

On original submission we overlooked a red-lettered rubber-stamped provision appearing at the left upper corner of the policy, reading: "Except provisions in conditions 12, 16 and 17, this policy is in immediate full benefit from date of issue". The effect of the rubber-stamped provision, just quoted, was to eliminate from the policy printed conditions numbers 12, 16 and 17. Therefore, it appears there

was no contractual basis for the defense set up under subdivision 12, providing "No benefit shall be paid for death resulting from * * * acts in violation of any federal, state or municipal laws committed by either the insured or the beneficiary; occupations or diversions in violation of any state or federal laws * * *, injuries received while in the commission of crime or resisting officers of the law". But, as this defense was not sustained because of the statutory provisions mentioned in the original opinion, no harm resulted to the plaintiff. For reasons stated, we held the judgment excessive and see no reason to change the decision. Appellee's motion for rehearing is overruled.

Overruled.