### GUARDIAN LIFE INS. CO. OF TEXAS v. GALOOSTIAN.

#### No. 2167.

Court of Civil Appeals of Texas. Eastland.

July 15, 1941.

Rehearing Denied Oct. 10, 1941.

Chrestman, Brundidge, Fountain, Elliott & Bateman, of·Dallas, for appellant.

Geo. K. Holland, of Dallas, for appellee.

FUNDERBURK, Justice.

Yervand Galoostian, beneficiary in a policy issued by Guardian Life Insurance Company of Texas to Dolores Galoostian, his wife, insuring her life in the sum of $500, brought this suit against the insurer to recover upon said policy. All material facts necessary to support a recovery by plaintiff were agreed upon, except one, namely, whether the insured had cancer prior to the issuance of the policy. The policy contained this provision: "If the insured is * * * not in sound health on the date hereof; or if before the date hereof, the insured * * * has had * * * cancer * * * then, in any such case, the company may, within the contestable period, declare this policy void and the liability of the company shall be limited to the return of premiums paid on the policy."

The date of the policy was September 27, 1937. The date of the death of the insured was September 26, 1938. It was, in effect, agreed that the judgment rendered by the court awarding recovery on the policy for $787.50 was proper if ·the above quoted provision of the policy contravenes the Texas Statutes, and especially Art. 4733, R.S.1925; that if said policy provision contravenes the statutes, the judgment of the trial court should be affirmed; otherwise, it should be reversed.

Guardian Life Insurance Company, appellant, contends that the court erred in "holding the policy provision invalid under Texas statutes because it gave the defendant the right to declare the policy void within the contestable period in the event the insured had cancer before the date of the policy."

Revised Statutes, 1925, Art. 4732, subd. 3, provides: "No policy of life insurance shall be issued or delivered in this State, * * * unless the same shall contain provisions substantially as follows: * * * 3. That the policy, or policy and application, shall * * * be incontestable not later than two years from its date, except for nonpayment of premiums; and which provision may or may not, at the option of the company,. contain an exception for violations of the

conditions of the policy relating to naval and military services in time of war."

Article 4733, subd. 3, provides: "No policy of life insurance shall be issued or delivered in this State, * * * if it contains any of the following provisions: * * * 3. A provision for any mode of settlement at maturity of less value than the amounts insured on the face of the policy, plus dividend additions, if any, less any indebtedness to the company on the policy, and less any premium that may, by the terms of the policy, be deducted. Any company may issue a policy promising a benefit less than the full benefit in case of the death of the insured by his own hand while sane or insane, or by following stated * * * occupations * * *."

The question for decision may be stated as follows: Within the meaning of the above statutory provisions, may an insurer by provision of a life insurance policy have the legal right, within the contestable period (validly) provided in the policy, to have the policy declared void on the ground that the insured had had cancer prior to the issuance of the policy? From a different viewpoint the same question may be stated thus: Does the above quoted part of the policy constitute provision for a "mode of settlement at maturity of less value than the amounts insured on the· face of the policy"?

■ On its face the provision has no necessary relation to the maturity of the policy. It purportedly evidences a right of the Insurance Company, optional in terms, which may be exercised at a time when there has been no maturity of the policy. The limitation upon the exercise of such right is such that the right could not be exercised coincidentally with the maturity of the policy in any event if such maturity occurred after the specified time of contestability. Hence, it appears that by the test of the expressed intention of the parties, said provision was not designed to constitute a provision for a mode of settlement *at maturity* of the policy. There is likewise as certainly absent the expression of any intention thereby to provide a mode of settlement at all. The provision is of an entirely different nature. Its purpose, we think, was to give the Insurance Company the right within the contestable period to rescind the contract upon the grounds stated. In a sense, of course, it was a condition upon which the insurer would not be liable to pay the promised $500 *or any part thereof.* It was not a condition precedent to any possible liability upon the policy; but so far as we can see, it was no different from a condition precedent in relation to the question of whether it constituted provision for a mode of settlement at maturity of the policy. Once the condition existed, which is to say that, when and if the insurer within the contestable period had exercised its right to rescind the contract of insurance, the non-liability of the insurer was the same as if it resulted from the operation of a condition precedent.

■ That the non-liability of the insurer may be shown by the existence of a condition precedent not fulfilled, unaffected by said Art. 4733, subd. 3, may be taken to be an established proposition. American Nat. Ins. Co. v. Lawson, 133 Tex. 146, 127 S.W.2d 294, and authorities therein cited.

■ In considering whether the provision of the policy in question may be prohibited by Art. 4733, subd. 3, some discrimination is required in appraising the effect of the clause which reads "and the liability of the Company shall be limited to the *return* of premiums paid on the policy." (Italics ours). It may be granted that if instead of the provision under consideration there had been one to the effect that if within the contestable period it appeared that the insured had had cancer prior to the issuance of the policy, in that event some amount less than all of the $500 should be paid, such would have constituted provision for a mode of settlement of less value than the amount insured on the face of the policy. The distinction between such a provision and the one under consideration is material. Under the provision in question the contract would be rescinded, canceled. It would cease to exist and, therefore, of course, all its obligations would be in effect canceled. Equity would require the return of premiums paid. Certainly it would seem the parties could recognize such obligation by express mention in the contract without changing the essential nature of the liability. The contract did not create such liability, nor purport to do so. It merely recognized its existence, not as an obligation imposed by the contract—that, of course, would be inconsistent with rescission of the contract—but, rather, as a saving clause to make clear that the abrogation of all liability upon the policy

by a rescission was not to extend so as to extinguish the liability to return the premiums which had been paid. The return of the amount paid as premiums in discharge of an obligation which equity would have imposed had the right of rescission been exercised under the rules of equity jurisprudence in the absence of any contract provision to that effect, could in no proper sense be considered a *payment* in discharge of an obligation *imposed by the contract*. Hence, we readily conclude that the question to be decided is in no manner affected by the provision acknowledging a liability to return premiums paid.

In American Nat. Ins. Co. v. Lawson, supra, the court said that "* * * the question of whether, under Art. 4732, R.S.1925, subd. 3, the defense [considered and sustained] would be available to appellant after two years from the date of the issuance of the policy is not involved." But, it seems to us, the reasoning upon which that decision was based, and the authorities cited in support of it, show that it made no difference whether the defense in that case had been asserted before, or after, expiration of the two year period. If plaintiff's right to recover upon a policy of life insurance is dependent upon a condition precedent, the insurer's insistence upon its non-liability does not constitute a contest of the policy under the incontestability clause. As well said by Judge Smith in Howard v. Missouri State Life Ins. Co., Tex.Civ.App., 289 S.W. 114, 115, by the incontestable provision the "insurer is prohibited from contesting the validity of the policy, from abrogating it, from avoiding it, from escaping the liability fixed by its terms upon the insurer" etc. As further said [in such a case]: "The insurer is standing upon the letter and spirit of the contract as written; is seeking to uphold, and not defeat, the contract * * *. In short, the insurer is not 'contesting' the policy at all, but is asserting its validity in both form and substance, and the provision of incontestability is inapplicable. Stean v. [Occidental Life] Insurance Co., 24 N.M. 346, 171 P. 786; Childress v. [Fraternal Union of America], 113 Tenn. 252, 82 S.W. [832] 833, 3 Ann.Cas. 236." Texas Prudential Ins. Co. v. Wiley, Tex. Civ.App., 80 S.W.2d 1024; Southwestern Life Ins. Co. v. Houston, Tex.Civ.App., 121 S.W.2d 619.

In the instant case, however, we are not dealing with a non-liability as affected by a condition precedent. Under the provision in question, the policy does cover the risk of the insured's having had cancer before the issuance of the policy, unless before the expiration of the incontestable period the insurer declares the policy void. As said before, the action which it is contemplated the insurer must take to declare the policy void, amounts to the exercise of a right of rescission. It is unnecessary to decide in this case whether such action requires a suit or whether the rescission may be accomplished by the insurer's notifying the insured of its decision to avoid the policy. In any event, some affirmative action is required which in one sense, at least, involved a contest of liability upon the policy. No such question is presented as whether a provision like the one here considered, except it did not limit the exercise of the right to the contestable period, would after such period be valid. There is no law prohibiting the contest of liability upon a life insurance policy within the contestable period as provided in compliance with said Art. 4732, subd. 3. The right to contest liability within such period exists in the absence of any contract provision on the subject. If the right exists in the absence of such contract provision, then surely, it would seem that the policy may validly declare such right.

Appellee relies upon the decision in Atlanta Life Ins. Co. v. Cormier, 126 Tex. 179, 85 S.W.2d 1045. The facts upon which that decision was rendered, whether the decision be right or wrong, or has been overruled or not, are distinguishable from the facts of the instant case in this: there, the action regarded as a contest of the policy came after the contestable period, while here it comes within such period. In view of this difference it is interesting and material to note, particularly, the question certified in the Cormier case. This was the question: "Could the Insurance Company, in view of the incontestable clause of the policy and section 3 of article 4732, Revised Civil Statutes of Texas, defend *after the expiration of two years* upon the ground that the cause of the death of the insured was a risk not insured against?" (Italics ours) It is to be noticed the court was not asked to answer whether any provision of the

policy was void on the ground that it was prohibited by Art. 4733, subd. 3. Apparently, however, such was the question answered. The court said the question was answered by the decision in First Texas State Ins. Co. v. Smalley, 111 Tex. 68, 228 S.W. 550. By way of pointing out the difference between the material facts of the two cases it was said: "If a provision for the payment of less than the full amount for which the policy is issued is void, certainly a provision for the payment of nothing at all is void." The decision, so far as the language just quoted is involved, we believe, is in effect overruled in American Nat. Ins. Co. v. Lawson, supra. In the latter case Judge Hickman, who wrote the opinion in the Cormier case, in effect, declared that the non-liability of the insurer resulting from a condition precedent was not prohibited by the incontestable clause or statute requiring same. It is also implicit in the opinion that such assertion of non-liability is not prohibited by said Art. 4733, subd. 3. The prohibition declared by Art. 4733, subd. 3, clearly contemplates a liability upon a policy as such, and the prohibited provision is one reducing the amount promised to be paid upon conditions and with certain exceptions. In our opinion, it can have no application to a provision which operates to avoid the whole promise; provided, of course, such provision is not subject to some other prohibitory statute.

At all events, the before mentioned distinctions between the instant case and the Cormier and Lawson cases are, as we have attempted to show, not of such nature as that the Lawson decision should not control, regardless of whether the latter be considered as overruling the Cormier case or not.

Being of the opinion that the court should have rendered judgment for the appellant instead of appellee, and that the judgment, for that reason, should be reversed and rendered for the appellant, it is accordingly so ordered.

### On Rehearing.

Appellee's motion for rehearing makes clear that this court should not have rendered judgment for the appellant further than to order a reversal and remand of the case. Our action was based upon a misunderstanding of the agreement of counsel which constituted the basis of the trial court's judgment. Our original action was based upon the understanding that the agreement concluded the issue of whether the insured had had cancer prior to the issuance of the policy and left only for decision the question of whether a particular provision of the policy contravened the statutes and especially R.S. 1925, Art. 4733. A reading of the agreement in the light of appellee's motion for rehearing convinces us that such issue was not to be taken as concluded.

We adhere to our former decision, and for the reason stated in our opinion that the cause should be reversed and remanded. Accordingly our former judgment will be set aside and re-entered, providing that the judgment of the court below be reversed and the cause remanded for further proceedings.