

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

**PRICE DANIEL**
ATTORNEY GENERAL

May 26, 1948

Hon. Geo. W. Cox, M. D.
State Health Officer
Department of Health
Austin, Texas

Attn.: Hon. W. D. Carroll

Opinion No. V-589

Re: The necessity for the
State Registrar of
Vital Statistics to
collect the statutory
fee of fifty cents for
certified copies of
birth and death certi-
ficates requested for
official use by a
State Agency.

Dear Sir:

Your letter and request for an opinion dated
May 4, 1948, is as follows:

"Rules 51a and 54a of Article 4477,
R.C.S. include the statutory provisions
governing the issuance of certified copies
of birth and death records by the State
Registrar of Vital Statistics.

"We have pending at this time a re-
quest made by another state department
for a certified copy of a death certifi-
cate.

"Is the State Registrar required to
collect the statutory fee of fifty cents
for a certified copy when such copy is
requested by an agency of the state gov-
ernment and is for an official use other
than those exceptions to the fee mention-
ed in Rule 54a?"

Rule 54a of Article 4477, V. C. S., provides,
in part, as follows:

"That the State Registrar shall, up-
on request, supply to any properly quali-
fied applicant a certified copy of the

record of any birth or death registered under provisions of this Act, <u>for the making and certification of which he shall be entitled to a fee of fifty cents (50¢), to be paid by the applicant</u> . . . and provided further, that the State Registrar shall, upon request of any parent or guardian, supply, without fee, a certificate limited to a statement as to the date of birth of any child when the same shall be necessary for admission to school, or for the purpose of securing employment; and provided further, that the United States Census Bureau may obtain, without expense to the State, transcripts or certified copies of birth and deaths without payment of the fees herein prescribed; . . . and provided that the State Registrar shall issue free of cost to any veteran, his widow, orphan, or other descendants a photostatic copy of any record not otherwise prohibited by law when such record is to be used in the settlement of a claim against the Government; and provided that the State Registrar may issue, upon court order, without fee, a certified copy of the birth certificate in cases relating to child labor, and the public schools."
(Underscoring ours throughout)

The pertinent parts of Rule 51a, Art. 4477, V. C. S., provide as follows:

". . . Within seven (7) days after the (birth) certificate has been accepted and ordered filed by the probate court, the clerk of that court shall forward the certificate to the State Bureau of Vital Statistics with an order from the court to the State Registrar that the certificate be accepted. The State Registrar is authorized to accept the certificate when verified in the above manner and shall issue certified copies of such records as provided for in Section 21 (Rule 54a of Art. 4477, V. C. S.) of this Act. Certified copies of said birth or death certificate shall be issued by either the county clerk or the <u>State Registrar and fee</u>

for said certified copy shall be fifty
cents (50¢)."

Rule 54a clearly states that the State Regis-
trar shall issue a birth or death certificate to any
qualified applicant provided such applicant pays to the
State Registrar a fee of fifty cents.  Said rule further
provides that the State Registrar must issue birth or
death certificates to certain persons and to the United
States Census Bureau without charge.

39 Tex. Jur., Sec. 101, p. 191 says:

"The fact that an Act contains one
or more exceptions discloses an intention
on the part of the Legislature that there
shall be no other exception and that the
Act should apply in all cases not except-
ed."

The Supreme Court of Texas in Federal Crude
Oil Company v. Yount-Lee Oil Co., 52 S.W.(2d) 56, stat-
ed:

"It is a familiar rule of statutory
interpretation that an 'exception makes
plain the intent that the statute shall
apply in all cases not excepted.'  Suther-
land on Statutory Construction (2d Ed.)
Sec. 494, p. 923; 25 R. C. L. 983; First
Texas State Insurance Co. v. Smalley, 111
Tex. 68, 228 S.W. 550."

The latest expression by our Supreme Court on
the rule of law involved herein is found in the case of
North Common School District et al v. Live Oak County
Board of School Trustees et al, 199 S.W.(2d) 764.  This
case construed an Act of the Legislature validating all
independent school districts which had theretofore been
enlarged by the County Board of School Trustees after
the proper elections, except those districts the valid-
dity of which was in litigation at the time of the pass-
age of the Act.  The court said:

"Moreover the fact that the Act con-
tained one exception - where the validity
of the district was in litigation at the
time of the passage of the Act - would
seem to mark the limit of the exclusions

and to impel any implications that there
shall be any other exceptions."

Under the general rules of statutory construc-
tion as above set out, we are of the opinion that the
Legislature intended that the State Registrar must col-
lect the statutory fee of fifty cents for certified
copies of birth and death certificates from all State
Agencies and all persons other than those specifically
exempt from the payment of such fee under the statute in
question.  Since your letter concerns a State Agency
that is not specifically exempt under Rule 54a, it fol-
lows that you must collect the statutory fee of fifty
cents from such State Agency.

## SUMMARY

The State Registrar is required to col-
lect a fee of fifty cents for all certified
copies of birth and death certificates from
all persons or agencies requesting same, ex-
cept those persons or agencies specifically
exempt from the payment of such fee under
the provisions of Rule 54a of Article 4477,
V. C. S.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By  Clinton Foshee
Clinton Foshee
Assistant

CF:mw

APPROVED:

Price Daniel
ATTORNEY GENERAL