### DUCLOS v. HARRIS COUNTY. *
(No. 979–4828.)

Commission of Appeals of Texas, Section A. Oct. 12, 1927.

1. **Clerks of courts ☞19—District clerk is entitled to same fees in city, town, and school, as in state and county, tax suits (Rev. St. 1925, arts. 7332, 7337, 7343).**

Under Rev. St. 1925, art. 7343, district clerk may collect and keep same fees in delinquent tax suits, brought by cities, towns and independent school districts under article 7337, as are authorized in suits for state and county taxes by article 7332.

2. **Taxation ☞598—District clerk is not entitled to larger fees in suits for city, town, and school taxes than for state and county taxes; "similar services in civil suits" (Rev. St. 1925, arts. 7332, 7343).**

Rev. St. 1925, art. 7343, limiting other county officers than county attorney to such fees in delinquent tax suits by cities, towns, or independent school districts as are allowed him by law for similar services in civil suits, does not entitle district clerk to more than fees fixed by article 7332; most "similar services in civil suits" being like services in suits for state and county taxes.

3. **Officers ☞99—Smallest sum must be allowed as official compensation, unless money or largest amount is provided for expressly or plainly implied.**

In interpreting statute fixing fees of office, smallest instead of largest sum allowable must be preferred as compensation for named duty, unless money or largest amount is provided for in terms or by implications of undeniable cogency.

4. **Taxation ☞598—Statutes held not to affect county's claim to excess fees collected by district clerk in tax suits though owed to taxpayers (Rev. St. 1925, arts. 3891, 7332, 7343).**

County's claim, under Rev. St. 1925, art. 3891, for three-fourths of amount collected by district clerk in excess of amount allowable as fees in delinquent tax suits by cities, towns, and independent school districts, cannot be resisted under articles 7332, 7343, though money is owed to taxpayers, not county; it being received in color of authority and only by virtue of office held.

Error to Court of Civil Appeals of First Supreme Judicial District.

Action by Harris County against O. M. Duclos. A judgment for plaintiff was affirmed by the Court of Civil Appeals (291 S. W. 611), and defendant brings error. Reformed, and affirmed as reformed.

Morris, Sewell & Morris, and R. H. Ward, all of Houston, for plaintiff in error.

Sam C. Polk, of Houston, for defendant in error.

NICKELS, J. In 1923 and 1924, 946 tax suits were instituted in the district courts of Harris county by municipal corporations (other than the county); 115 judgments in favor of the corporations and 831 dismissals occurred. Duclos, district clerk, collected $2,708.80 in fees, as comparable with $1,003.50, the amount which ought to have been collected if the fees (for that office) were the same, by law, as those fixed in tax suits filed to enforce payment of state and county taxes. Duclos retained the amount collected, and Harris county sued to recover and had judgment for three-fourths thereof as "excess fees" belonging to the county, per force the terms of article 3891, R. S. 1925; the judgment was affirmed by the honorable Court of Civil Appeals. 291 S. W. 611. Writ of error was allowed upon assignments, which, amongst other things, present the officer's right to the entire amount as within the purview of relevant terms of articles 7332 and 7343, R. S. 1925.

[1] In 1895 the Legislature enacted a statute making provision for collection of delinquent, etc., state and county taxes; the statute was largely rewritten, and its provision made available to cities, towns, and school districts, in 1897; it was later amended in various particulars, and its present form is

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

chapter 10, title 122, articles 7319–7345, R. S. 1925. In article 7337 (originally enacted in 1897) it is provided that:

"Any incorporated city or town or school district shall have the right to enforce the collection of delinquent taxes due it under the provisions of this chapter."

And in article 7343 (enacted in 1920 and amended in 1923) it is provided, inter alia, that:

"All laws of this state for the purpose of collecting delinquent state and county taxes are by this law made available for, and when invoked shall be applied to, the collection of delinquent taxes of cities and towns and independent school districts in so far as such laws are applicable."

Those provisions gave the authority for the suits out of which this controversy arose. The chapter, then, became "available for" and, having been "invoked," must be "applied to" the subject-matter in so far as relevant.

In article 7332 a schedule of fees accruable to various officers in suits for state and county taxes is named. Touching the district clerk's rights, it is said that he "shall be entitled to a fee of one dollar and fifty cents in each case," unless taxes, etc., are paid before judgment, in which event "he shall receive only one dollar." The schedule is followed by a general provision that "all fees provided for the officers herein mentioned shall be in addition to fees allowed by law to such officers, and shall not be accounted for by said officers as 'fees of office;'" obviously, this relates to fees in the amounts and for the duties therein named. Article 7343, by operation of its general terms above noted, in our opinion, carries the immunity of article 7332 to the fees allowed in tax suits brought by cities, towns, or independent school districts, for since there is nothing affirmative to render that part of article 7332 inapplicable it is a part of the "laws" which article 7343 declares shall be "applied to the collection of delinquent taxes" of those corporations and, thus, in suits as means of such collections. Otherwise, it will be seen, the words of article 7343 must be narrowed within their literal meaning and made to say that but a part of (instead of all) "applicable laws shall be applied." Duclos, then, had authority "provided for" to collect and keep the fees whose amounts were "declared by law," within the meaning of State v. Moore, 57 Tex. 307, and other cases cited below. Noncompelling implication is chosen by the county to restrict that authority, and not by Duclos to establish it.

[2, 3] In addition to the general provisions of article 7343 mentioned above, that article, separately, names various preliminaries to be observed by an "incorporated city or town" and by "independent school districts," and includes separate provisions to the effect that the attorney "shall be entitled to the same fees as allowed the county attorney or district attorney in suits for * * * state and county taxes." It is then said:

"No other county officer shall receive any fees unless services are actually performed, and in that event he shall only receive such fees as are now allowed him by law for similar services in civil suits."

The latter provision was taken as authority for the collection of more than $1.50 in each contested case and more than $1 in each case of dismissal, and the district clerk charged fees as for comparable services in civil suits generally. In that we think he erred, for, plainly, the most "similar services in civil suits" would be like services in similar civil suits; i. e., tax suits involving state and county taxes; and because the language of the statute is subject to that interpretation, it must be given that meaning in response to the principles announced in State v. Moore, supra; Ellis County v. Thompson, 95 Tex. 22, 64 S. W. 927, 66 S. W. 48; McLennan County v. Boggess, 104 Tex. 311, 137 S. W. 346; Nichols v. Galveston County, 111 Tex. 50, 228 S. W. 547; McCalla v. City of Rockdale, 112 Tex. 209, 246 S. W. 654, and other like cases, to the effect that the joy of serving rather than money, or that the smallest instead of the largest sum of money allowable, is to be preferred as compensation for a named duty unless money, in the one event, or the largest amount, in the other, is provided for in terms or by implications of undeniable cogency.

[4] That principle, too, operates a limitation upon the immunity afforded in article 7332 as carried into article 7343 by relation. Accountability would exist but for that affirmative grant, and by words it is restricted to "fees" measured as in article 7332 provided. Hence resistance of the county's claim to three-fourths of the total amount collected above $1,003.50 cannot be grounded in those statutes. On this branch of the case it is said the the money is owed to those who paid it, and not to the county. But it was received in color of authority and only in virtue of the office held, and, as between the officer and his county, disposition of the money is to be regarded as controlled in article 3891, for there is an estoppel working to that end. Tarrant County v. Rogers, 104 Tex. 224, 135 S. W. 110, 136 S. W. 255; Webb County v. Gonzales, 69 Tex. 457, 6 S. W. 781; Morris v. State, 47 Tex. 583; Swan v. State, 48 Tex. 120.

It results, in our opinion, that the judgments of the district court and of the Court of Civil Appeals should be so reformed as to allow Harris county recovery against O. M. Duclos in the sum of $1,263.96 (three-fourths of $2,708.80, total amount collected, less $1,003.50, the amount which ought to have been collected), with interest at the rate of 6 per

centum per annum from January 1, 1924, on $555.33 of said amount, and from January 1, 1925, on $708.63 of said amount, and, as thus reformed, should be affirmed with assessment of costs of appeal, however, against Harris county; we recommend that reformation and affirmance.

CURETON, C. J. Judgments of the district court and Court of Civil Appeals both reformed, and, as reformed, affirmed, as recommended by the Commission of Appeals.