## HOLLAND et al. v. HARRIS COUNTY.

### No. 10042.

Court of Civil Appeals of Texas. Galveston.

Nov. 27, 1934.

Rehearing Denied April 8, 1937.

C. F. Stevens and C. M. Alderson, both of Houston, for appellants.

E. A. Knipp, of Houston, for appellee.

PLEASANTS, Chief Justice.

This is a suit by appellants against the appellee to recover the sum of $205 alleged to be due appellants, the heirs of W. M. Holland, deceased, as salary due the deceased by appellee for services as special judge of the criminal district court of Harris county.

Plaintiffs' petition alleges, the facts show, and the trial court finds that the deceased Holland was the duly elected and qualified special judge of the criminal district court of Harris county during the absence and sickness of the regular judge, Hon. Whit Boyd, and served in that capacity from the 9th day of September, 1929, until the 29th day of October, 1929, a total of fifty days. The account for salary of the special judge for fifty days at $4.10 per day, duly verified, was presented to the commissioners' court of appellee county and payment refused by the commissioners on November 25, 1929, on the report of the county auditor declining to approve the claim. This suit was filed on April 9, 1930, by the special judge, W. M. Holland, who thereafter died on July 2, 1930. Upon the suggestion of the death of the original plaintiff, the appellants were made plaintiffs and permitted to prosecute the suit in their name by order of the trial court made and entered on October 8, 1932.

The trial court finds that the special judge died intestate and there was no administration upon his estate, and appellants are his only heirs.

The answer of defendant, which contains several demurrers and exceptions and a general denial, need not be further shown.

Appellee states in effect that the only question presented by the record is whether the statute which is applicable to Harris county and provides for the payment by the county of an additional sum of $1,500 to all the district judges of the county who are by express provision of the statute made members of the Juvenile Board for the county does, in the absence of a specific provision authorizing such payment to special judges, entitle a special judge to such compensation.

We think the following statutes (Rev.St.1925, arts. 5139, 6821, subd. 1) expressly authorize the payment to a special judge of the salary fixed for the regular judge:

"Art. 5139. *County Juvenile Board.*—In any county having a population of one hundred thousand or over, according to the preceding Federal census, the judges of the several district and criminal district courts of such county, together with the county judge of such county, are hereby constituted a Juvenile Board for such county. The annual salary of each of the judges of the civil and criminal district courts of such county as members of said board shall be $1,500 in addition to that paid the other district judges of the State, said additional salary to be paid monthly out of the general funds of such county, upon the order of the commissioners court."

"Art. 6821. *Special judges.*—The salaries of special judges commissioned by the Governor in obedience to Section 11, Article 5, of the Constitution, or elected by the practicing lawyers or agreed upon by the parties as provided by law, shall be determined and paid as follows:

"1. Each special judge shall receive the same pay as district judges for every day that he may be occupied in performing the duties of judge, and those commissioned by the Governor shall also receive the same pay as district judges for every day they may be necessarily occupied in going to and returning from the place where they may be required to hold court."

The statute first quoted expressly makes all of the district judges of the county (it being admitted that it applies to that county) members of the Juvenile Board for the county, and provides that these judges shall be paid a salary of $1,500 additional to that of other district judges of the state. It cannot be doubted that the additional $1,500 was a part of the salary fixed by law as Judge Boyd's compensation. When the next quoted article expressly provides that a special judge elected as provided by the statute to serve as district judge during the absence of Judge Boyd, "shall receive the same pay as district judges for every day that he may be occupied in performing the duties of judge," it seems clear to us that the statute expressly authorizes the payment to the special judge of all of the salary fixed by law as compensation for the regular judge, for the time the special judge occupied the office. In our opinion these statutes are not susceptible of any other construction. The cases of State v. Moore, 57 Tex. 307, and Duclos v. Harris County (Tex.Civ.App.) 291 S.W. 611, and all other cases cited and relied on by appellees to sustain its contention are not applicable, for the reason that the statutes cited clearly fix and provide for the payment of the amount claimed by appellants in this suit as salary or compensation for a special district judge of Harris county. The two articles of the statute 5139 and 6821 are in pari materia and must under a primary rule of construction be construed as one statute. Cannon's Adm'r v. Vaughan, 12 Tex. 399; Fulmore v. Lane, 104 Tex. 499, 140 S.W. 405, 1082; Bishop v. Houston School Independent District, 119 Tex. 403, 29 S.W.(2d) 312.

No attack is made on the power of the Legislature to pass the acts fixing the compensation for special district judges, and that question is not before us, but if it was we would have no difficulty in holding the acts constitutional.

These conclusions require that the judgment of the trial court be reversed and judgment here rendered for appellants, and it has been so ordered.

Reversed and rendered.