## GREAT SOUTHERN LIFE INSURANCE COMPANY
## v. C. E. CUNNINGHAM, ADMINISTRATOR.

No. 6688.   Decided October 28, 1936.
(97 S. W., 2d Series, 692.)

*Vinson, Elkins, Sweeton & Weems* and *Fred R. Switzer,* all of Houston, for plaintiff in error.

When all the evidence shows that the insurance at the time of the insured's death was being carried under the automatic extended provisions of said policy on account of the failure of the insured to pay a policy loan and premium and said policy expressly provides the insurer shall not be liable under the double indemnity provisions of said policy if the said policy be automatically extended under the automatic extended provisions thereof, it was error to hold that the insurer was liable under the double indemnity provision. Continental Life Ins. Co. v. Johnson, 248 S. W., 88; Hatton v. Mutual Health & Acci. Assn., 10 S. W. (2d) 239; Dent v. National Life & Acci. Ins. Co., 6 S. W. (2d) 195.

*Homer B. Latham,* of Bowie, for defendant in error.

The provisions of the policy pleaded by defendant do not relieve it of liability for double indemnity under the law of this State, and the court erred in refusing to render judgment in appellant's favor on the policy under the double indemnity clause in the sum of $2,000.00. Aetna Life Ins. Co. v. Spencer, 182 Ark., 496, 32 S. W. (2d) 310; Maddy v. National Life Ins. Co., 156 Minn., 375, 194 N. W., 880; 15 C. J., 23.

MR. JUDGE SMEDLEY delivered the opinion of the Commission of Appeals, Section B.

Plaintiff in error reinsured and assumed all liability under a policy of insurance in the sum of $1,000.00 issued by The Oklahoma National Life Insurance Company upon the life of Leonard H. Aldriedge. Following the accidental death of the insured suit was filed by defendant in error, as administrator of the estate of the insured, for $2,000.00, the double indemnity which the policy provided should be paid in the event of the death of the insured by accidental means. Plaintiff in error admitted its liability for $1,000.00, and the trial court rendered judgment for only that amount. The Court of Civil Appeals reversed the trial court's judgment and rendered judgment in favor of defendant in error for $2,000.00, with interest, penalties and attorney's fees. 66 S. W. (2d) 765.

The insured defaulted in the payment of the annual premium which was due April 1, 1930, and at the time of his death the policy was in effect only by virtue of extended insurance. The policy expressly provided that the special benefit of double indemnity should not apply or be payable on any policy automatically extended. Notwithstanding these facts the Court of Civil Appeals held that the double indemnity was collectible, basing the decision upon its conclusion that the denial of the benefit of double indemnity to a policy automatically extended was prohibited by Subdivision 3 of Article 4733 of the Revised Civil Statutes of 1925 providing that no policy of life insurance shall contain a provision for any mode of settlement at maturity of less value than the amounts insured on the face of the policy.

The first page of the policy over its date and the signature of the president and secretary of the insurer company states the amount of the policy to be $1,000.00, the age of the insured 39 years, and the premium $33.95. Then follows the promise of the insurer to pay to the named beneficiary $1,000.00 immediately upon receipt of due proofs of the death of the insured. On the same page and under the title "Double Indemnity" is the following paragraph:

"Or, in the event of the death of the Insured during the premium paying period by external, violent and accidental means (not including suicide, sane or insane, or homicide) and such death resulting directly, independently and exclusively of all other causes, and occurring within twenty days after such injury and before the Insured shall have attained the age of sixty years, the amount payable hereunder, as above, shall be $2,000.00, Two Thousnd Dollars."

Other paragraphs on the same page provide for the payment to the insured of $1,000.00 in the event of the accidental death of the benefiiciary and for payment to the insured of $1,000.00 in ten equal annual installments if he shall become totally and permanently disabled.

Other pages of the policy contain paragraphs usually found in policies of life insurance with respect to incontestability, grace in payment of premiums, loans on the security of the policy, reinstatement, change of beneficiary, forfeiture for failure to pay any premium when due, etc.

Among the paragraphs of the second page are the following:

"IV. Automatic Extension

"After One Year

"Should the Insured fail to pay any premium hereon, after one full annual premium has been paid, this Policy, without any action on the part of the Insured, will be extended for the sum first named herein, for the period of time designated in Column Four of the Table of Guaranteed Values endorsed on Page Three hereof.

"V. Guaranteed Surrender Values

"Cash Surrender

"All premiums hereon having been paid in full, the Insured, upon surrender and cancellation thereof, within one month after default in payment of any premium or installment thereof, will be entitled to withdraw, in Cash, the amount designated in Column One of the Table of Guaranteed Values on Page Three hereof opposite the year corresponding to the whole number of years for which premiums have been paid.

"Paid Up Insurance

"Or, in lieu of Cash, may exchange this Policy for a Paid-up Non-Participating, Whole Life Policy, for the amount designated in Column Three of said Table of Guaranteed Values opposite the year corresponding to the whole number of years for which premiums have been paid."

When the insured on April 1, 1930, defaulted in the payment of the annual premium, the cash value of the policy, it having been in effect for eighteen years, was, according to the table of guaranteed values on page three, $355.00, the amount of paid-up insurance available was $602.00, and the period of extended insurance was fifteen years and six months.

The following paragraph appears on the fourth page of the policy:

"When Special Benefits Not Applicable

"(7) The Special Benefits of Double Indemnity, Beneficiary Insurance, and Permanent Disability, shall not apply or be payable on any Policy which is automatically extended under the terms of Paragraph IV hereof, nor shall any such Special Benefits be included in any Paid-up Policy that may be issued in lieu of this Policy, as provided in Paragraph V or IX hereof."

On the fourth page is a statement in substance that the provisions for double indemnity in case of accidental death of the insured and certain other special benefits are available only while there has been no default in the payment of premiums.

The third subdivision of Article 4733 of the Revised Civil Statutes provides that no policy of life insurance shall be issued or delivered in this State or be issued by a life insurance com-

pany incorporated under the laws of this State, if it contains: "A provision for any mode of settlement at maturity of less value than the amounts insured on the face of the policy, plus dividend additions, if any, less any indebtedness to the company on the policy, and less any premium that may, by the terms of the policy, be deducted. Any company may issue a policy promising a benefit less than the full benefit in case of the death of the insured by his own hand while sane or insane, or by following stated hazardous occupations. This provision shall not apply to purely accident and health policies. No foregoing provision relating to policy forms shall apply to policies issued in lieu of, or in exchange for, any other policies issued before July 10, 1909."

It is apparent that the insurer is not liable for double indemnity if the rights of the parties are determined by the terms of the contract. The paragraph which provides for extended insurance, if the insured fails to pay a premium, expressly states that the policy will be extended "for the sum first named herein," which is $1,000.00, not the double indemnity of $2,000.00. Furthermore, according to the plain language of the policy the special benefit of double indemnity is not applicable or payable on any policy which is automatically extended, and is only available while there has been no default in the payment of premiums.

The Court of Civil Appeals in its decision that the provision of the policy denying the benefit of double indemnity to a policy automatically extended was within the prohibition of subdivision three of Article 4733 must have assumed that the insurer on the face of the policy, either by reasonable implication of the language used or by the force of some statute, insured the life of the deceased to the amount of $2,000.00, in the event of accidental death, for a term or period extending beyond that for which premiums might be paid. The provisions on the second and fourth pages of the policy that insurance will be extended for the sum of $1,000.00 and that no double indemnity will be paid when the policy has been automatically extended cannot be said to prescribe a mode of settlement at maturity of less value than the amounts insured on the face of the policy, unless the face of the policy of itself or through the operation of some statute, promises to pay the double indemnity of $2,000.00 on the death of the insured after the period for which premiums are paid.

We find on the face of the policy nothing promising ex-

tended insurance for any of the amounts named. On the contrary the reasonable inferences from what appears on the face of the policy are that the amounts insured are payable in consideration of the payment of the annual premium there specified and that the insurance will be in effect during the time for which the premiums are paid.

The purpose of the enactment of subdivision three of Article 4733 was, as stated in the opinion in First Texas State Insurance Company v. Smalley, 111 Texas, 68, 228 S. W., 550, to render contracts as to benefits from life insurance simple and easily understood and to prevent the misleading of the unwary by promises of insurance in certain amounts on the face of the policy so limited and conditioned thereafter as to have slight or no actual value. The policy under consideration does not mislead the insured. It contains no promise on its face or elsewhere of automatically extended insurance for the sum of $2,000.00.

■ The statutes of this State do not require policies of life insurance to make provision for extended term insurance after default in payment of premiums. Article 4732 of the Revised Civil Statutes sets out eleven provisions that substantially must be contained in all policies of life insurance. Only the seventh, eighth and ninth of these could be construed as relating to extended term insurance. They are as follows:

"7. A provision which, in event of default in premium payments, after premiums shall have been paid for three full years, shall secure to the owner of the policy a stipulated form of insurance, the net value of which shall be at least equal to the reserve at the date of default on the policy, and on any dividend additions thereto, specifying the mortality table and rate of interest adopted for computing such reserve, less a sum not more than two and one-half per cent of the amount insured by the policy and of any existing dividend additions thereto, and less any existing indebtedness to the company on the policy. Such provision shall stipulate that the policy may be surrendered to the company at its home office within one month from date of default for a specified cash value at least equal to the sum which would otherwise be available for the purchase of insurance, as aforesaid, and may stipulate that the company may defer payment for not more than six months after the application therefor is made. This provision shall not be required in term insurances.

"8. A table showing in figures the loan values, and the

options available under the policies each year, upon default in premium payments during the first twenty years of the policy or the period during which premiums are payable, beginning with the year in which such values and options become available.

"9. That if, in event of default in premium payments, the value of the policy shall be applied to the purchase of other insurances; and if such insurance shall be in force and the original policy shall not have been surrendered to the company and canceled, the policy may be reinstated within three years from such default upon evidence of insurability satisfactory to the company and payments of arrears of premiums with interest."

These three subdivisions of Article 4732 were carefully construed in an opinion by Judge Gallagher in Manhattan Life Insurance Company v. Wilson Motor Company, 75 S. W. (2d) 721 (application for writ of error refused). It is there held that the three subdivisions must be construed together, that so construed they prescribe no particular form of substituted insurance and that the insurer has met the requirements "when it stipulates for conversion of the policy in case of default into either of the customary forms of non-premium-paying insurance." The particular decision made was that a policy of insurance stipulating that the insured might at his option accept paid-up insurance or demand the cash surrender value of the policy, with a table showing the loan values and options available, substantially met the requirements of the statute and that an additional provision that the insured might at his option demand extended term insurance in lieu of the paid-up insurance could not be read into the policy by operation by law.

The policy here sued upon, as shown by the paragraphs hereinabove quoted, not only provides for extended insurance for the sum of $1,000.00, but it also gives the insured after default in the payment of premium the privilege at his option either to surrender the policy and withdraw its cash value or in lieu of cash to exchange the policy for a paid-up policy. A table is contained in the policy setting out the loan values and the cash values, amounts of paid-up insurance and terms of extended insurance available upon default in premium payments during he first twenty years of the policy. Thus there is compliance with the requirements of subdivisions seven, eight and nine respecting substituted insurance.

No attempt was made to prove that the net value of

either of the stipulated forms of substituted insurance secured to the owner by the terms of the policy was less in amount than that prescribed by subdivision seven. We conclude therefore, following Manhattan Life Insurance Company v. Wilson Motor Company, supra, that a promise of extended insurance for $2,000.00 cannot be read into the face of the policy by operation of law.

The Missouri statute construed by the United States Circuit Court of Appeals in New York Insurance Company v. Rositzky, 45 Fed. (2d) 758, differs from the Texas statute, in that it expressly provides that upon default in payment of premium the net value of the policy shall be a premium to carry on the insurance "for the full amount written in the policy," whereas the Texas statute prescribes no particular form of substituted insurance and does not undertake to require extended insurance for the amount written in the policy.

We hold: that by the terms of the policy insurance was automatically extended for the sum of $1,000.00; that, according to the terms of the policy, there is no liability for double indemnity, the insured having died after default in payment of premium and while the policy was carried on extended insurance; and that the provisions of the policy which deny the benefit of double indemnity when the policy is automatically extended are not within the prohibition of subdivision three of Article 4732, because the face of the policy does not, either by its terms or by the operation of any statute, insure the life of the insured for $2,000.00, in the event of accidental death, for a term or period extending beyond that for which premiums are paid.

It is unnecessary to determine other questions presented by the briefs.

The judgment of the Court of Civil Appeals is reversed and the judgment of the district court is affirmed.

Opinion adopted by the Supreme Court October 28, 1936.