

## THE ATTORNEY GENERAL
## OF TEXAS

Implied
Overruled by
0-6596 and
V-1517

Honorable L. A. Woods
State Superintendent of Public Instruction
Austin, Texas

Dear Sir:

Opinion No. O-2727
Re: May the board of school
trustees of an independent
school district which assesses
and collects its own taxes re-
lease or leave off charging the
penalty and interest which has
accrued on delinquent taxes.

We are in receipt of your letter in which you request
the opinion of this department on several questions
concerning the authority of the board of trustees of an in-
dependent school district in tax matters.

In your first question you inquire whether or
not the board of trustees of an independent school district
which assesses and collects its own taxes may release or
leave off charging the penalty and interest which has accrued
on delinquent taxes. The authority of a board of trustees
of an independent school district over the collection of the
taxes of said district is defined by Article 2701 of the Re-
vised Civil Statutes as follows:

"The district tax assessor and collector
shall have the same power and shall perform the
same duties with reference to the assessment
and collection of taxes for free school purposes
that are conferred by law upon the city marshall
of incorporated towns or villages, and he shall
receive such compensation for his services as the
board of trustees may allow, except in cities
and towns provided for, not to exceed four per
cent of the whole amount of taxes received by him.
He shall give bond in double the estimated amount
of taxes coming annually into his hands, payable

to and to be approved by the president of the
board, conditioned for the faithful discharge
of his duties, and that he will pay over to
the treasurer of the board all funds coming
into his hands by virtue of his office as such
assessor and collector; provided that in the en-
forced collection of taxes the board of trustees
shall perform the duties which devolve in such
cases upon the city council of an incorporated
city or town, the president of the board of
trustees shall perform the duties which devolve
in such cases upon the mayor of an incorporated
city or town, and the county attorney of the
county in which the independent school district
is located shall perform the duties which in
such cases devolve upon the city attorney of an
incorporated city or town under the provisions
of law applicable thereto. . . ."

As the above quoted article gives the board of
trustees of an independent school district the same author-
ity that the city council has over the collection of city
taxes, it is necessary to next see what authority such city
council has in such a matter. Article 1041 of the Revised
Civil Statutes provides as follows:

"The city council may provide, by ordinance,
for the prompt collection of all taxes assessed,
levied and imposed under this title, and is au-
thorized to sell or cause to be sold real as well
as personal property, and may make such rules and
regulations, and pass all ordinances as they may
deem necessary to the levying, laying, imposing,
assessing and collecting of any tax herein pro-
vided." (Emphasis ours)

Under the above quoted article it may be seen that
a broad power is placed in the board of trustees of an inde-
pendent school district over the collection of its taxes.
Based upon such statute, this department ruled in Opinion
No. O-1801, as follows:

". . . An independent school district can
elect to assess and collect its own taxes by and
through its duly appointed and acting district
assessor, district board of equalization and dis-
trict collector, and in such case will have the

power and authority conferred by Article 2791, Revised Civil Statutes of Texas; Pruitt v. Glen Rose Ind. Sch. Dist., 84 S.W. (2d) 1004; and, although there is no specific statute upon the subject, it is our conclusion that this power and authority would embrace the right of the board of trustees to fix the time for the accrual of ad valorem taxes of an independent school district, and appropriate penalties and interest on such taxes as become delinquent. Under Article 2791, Revised Civil Statutes, the power and duty of a board of trustees of an independent school district in the matter of the assessment and collection of school taxes of such district, including the fixing of penalties and interest on delinquent taxes, are referable to similiar powers existing in the governing body of an incorporated city or town. Such city or town may provide, by ordinance, that municipal taxes shall become due and delinquent at a different time from general taxes. Eustis v. City of Henrietta, 37 S. W. 632. Moreover, Article 1041, Revised Civil Statutes, impliedly gives and Article 1175, Subdivision 9, Revised Civil Statuted, expressly vests in the governing body of cities and towns power to fix the amount of penalties and interest upon delinquest taxes. Articles 2784 and 2790, Revised Civil Statutes of Texas, provides that the board of trustees of an independent school district 'shall have power to levy and cause to be collected the annual taxes etc.' Therefore, we submit that in those instances where an independent school district has elected to assess and collect its taxes by its own officers, the board of trustees of such district have, under the foregoing statutes, the power and authority to fix the time for the accrual of such taxes and the amount and manner of collection of penalties and interest on delinquent taxes."

It is evident that the Legislature has delegated to the board of trustees of an independent school district that chooses to collect its own taxes full authority over such assessment and collection, which we believe includes not only the authority to assess and collect appropriate penalties but also the authority to release or charge-off such penalties after the same have been assessed. As stated by the Supreme Court of Tennessee in the case of Burns v. City of Nashville, 221 S. W. 828, "If the board of commissioners had the power to affix penalties and interest, they had the power to remit them by ordinance."

Honorable L. A. Woods, Page 4

It then becomes necessary to see whether or not the Legislature itself could have constitutionally allowed the release or charging-off of the interest and penalty on delinquent taxes. The Supreme Court of Texas in the case of Jones v Williams, 45 S. W. (2d) 130, upheld the validity of an act of the Legislature which released the interest and penalties which had accrued on certain state, county and district taxes. The court held that interest chargeable was in fact a penalty and such release was not violative of Article 3, Section 55, of the Constitution, which prohibits the Legislature from releasing or extinguising or authorizing the releasing or extinguishing in whole or in part the indebtedness, liability or obligation of any incorporation or individual to this State or to any county or other municipal corporation therein. The court held that the Legislature would have the authority to release the interest and penalty accrued on delinquent taxes of the State and county as well as of the districts and subdivisions of the State. It is our opinion that this broad authority has been delegated by the Legislature to the board of trustees of the independent school districts as well as to the city council of incorporated cities and towns.

Your attention is called to an opinion dated September 11, 1936, written by Assistant Attorney General Clark Wren to Honorable Paul G. Groggan, County Attorney, Montgomery County, in chich it was held that the Conroe Independent School District could not remit penalty and interest for a period of ninety days in order to invite collections of taxes delinquent to that district. It does not appear from the contained in that opinion whether or not the Conroe Independent School District assessed and collected its own taxes or whether the same were assessed and collected by the county collector and assessor. Insofar as such opinion may appear in conflict with the opinion expressed herein the same is expressly overruled.

It is the opinion of this department that your first question should be answered in the affirmative and that the board of school trustees of an independent school district that assesses and collects its own taxes has the power to release or charge-off the interest and penalty which has accrued against such taxes.

In your second question you inquire whether or not it is mandatory for the independent school district to collect the one dollar tax assessor-collector fee set out in Article 7331 of the Revised Civil Statutes. Article 7331 provides for the on dollar fee to be collected by the county tax assessor-collector in suits brought for the collection of State and county taxes

Article 7337 provides as follows:

"Any incorporated city or town or school district shall have the right to enforce the collection of delinquent taxes due it under the provisions of this chapter."

Article 7343 of the Revised Civil Statutes reads in part as follows:

"All laws of this State for the prupose of collecting delinquent State and county taxes are by this law made available for, and when invoked shall be applied to, the collection of delinquent taxes of cities and towns and independent school districts in so far as such laws are applicable."

The Commission of Appeals of Texas in the case of Duclos v. Harris County, 298 S. W. 417, held that the above quoted articles authorize the municipal corporations named therein to collect the fees provided in Article 7332 of the Revised Civil Statutes, which article sets the fees for the district clerk and county and district attorney. The authority to collect such fees, however, depends under Article 7343 upon such provisions of the tax statutes having been invoked by the district in question. We believe that the same rule of law should be applied to the fee provided in Article 7331. It is our opinion that such fee may be collected when such authority is invoked by the board of trustees of an independent school district. We are of the opinion, however, that it is not mandatory upon such independent school districts to collect said fee when it does not choose to invoke this provision of the statutes relating to the state and county taxes in the collection of the district taxes.

In your third question you inquire whether or not the board of trustees of an independent school district may reduce assessments against property in the district previously made when the original assessment was made by the duly elected board of equalization for the particular year.

In our Opinion No. O-930 we held an act of the Legislature which authorized the commissioners' court to do just this thing which you inquire about to be unconstitutional in that it violated several sections of the Constitution of Texas including Article 3, Section 55. Said Section reads as follows:

"The Legislature shall have no power to release or extinguish, or to authorize the releasing or extinguishing, in whole or in part, the indebtedness, liability or obligation of any incorporation or individual, to this State, or to any county or other municipal corporation therein."

As the Legislature would not have the authority to release such obligations to the municipal corporation in question it follows that the board of trustees of such district also does not have the power or authority to do the same. A copy of Opinion No. O-930 is enclosed for your information.

We trust that the foregoing will be sufficient to enlighten you as to the authority of the board of trustees in the matters you inquire about.

Yours very truly

ATTORNEY GENERAL OF TEXAS

/s/ Billy Goldberg
Assistant

BG:db

Enclosure

APPROVED OCT 22, 1940

/s/ Gerald Mann
ATTORNEY GENERAL OF TEXAS

APPROVED OPINION COMMITTEE
By BWB
Chairman