

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN, TEXAS

Overruled by *M-1105*

PRICE DANIEL
ATTORNEY GENERAL

FAGAN DICKSON
FIRST ASSISTANT

April 26, 1948

Hon. Ralph R. Rash
County Attorney
Hopkins County
Sulphur Springs, Texas

Opinion No. V-554

Re: Court costs for hear-
ing to suspend driver's
license under Sec. 22,
Art. 6687b, V. C. S.

Dear Mr. Rash:

Your request for an opinion of this department is substantially as follows:

"I have been asked for an opinion . . . concerning the payment of court costs in hearings held under the provisions of Sec. 22 of Art. 6687b. The Justice of the Peace is still on the fee system in our county, and the question is: Is the matter of costs governed by Articles 2430 and 2432 and other general statutes?

"The practice of the Department of Public Safety is to file these hearings in the same manner as a civil suit. . . . Suppose the defendant prevails, either at the hearing in the justice court or in the appeal to County Court. To whom can the justice look for his costs? In ordinary criminal cases the justice of the peace looks to the county for his costs. But in these hearings under Sec. 22 there can be no payment of costs by the county, for they are in the nature (theoretically, at least) of civil cases. The Department representative takes the position that there is no provision for the payment of costs, regardless of the outcome. I cannot believe that the Department is entitled to come into court as a civil litigant without incurring the same liabilities as to costs that other litigants incur. . ."

Section 22, Article 6687b, V. C. S., is as follows:

"Sec. 22.   Authority of Department to suspend or revoke a license.

"(a)  When under Section 10 of this Act the Director believes the licensee to be incapable of safely operating a motor vehicle, the Director may notify said licensee of such fact and summons him to appear for hearing as provided hereinafter. Such hearing shall be had not less than ten (10) days after notification to the licensee or operator under any of the provisions of this Section, and upon charges in writing a copy of which shall be given to said operator or licensee not less than ten (10) days before said hearing.  For the purpose of hearing such cases jurisdiction is vested in the mayor of the city, or judge of the police court, or a justice of the peace in the county or subdivision thereof where the operator or licensee resides. Such court may administer oaths and may issue subpoenas for the attendance of witnesses and the production of relative books and papers.  It shall be the duty of the court to set the matter for hearing upon ten (10) days written notice to the Department.  Upon such hearing, in the event of an affirmative finding by the court, the officer who presides at such hearing shall report the same to the Department which shall have authority to suspend said license for a period not greater than one (1) year, provided, however, that in the event of such affirmative finding the licensee may appeal to the county court of the county wherein the hearing was held, said appeal to be tried de novo.  Notice by registered mail to address shown on the license of licensee shall constitute service for the purpose of this Section.

"(b)  The authority to suspend the license of any operator, commercial operator, or chauffeur as authorized in this Section

is granted the Department upon determining after proper hearing as hereinbefore set out that the licensee:

"1. Has committed an offense for which automatic suspension of license is made upon conviction;

"2. Has been responsible as a driver for any accident resulting in the death or personal injury of another or serious property damage;

"3. Is an habitually reckless or negligent driver of a motor vehicle;

"4. Is an habitual violator of the traffic law;

"5. Is incapable to drive a motor vehicle;

"6. Has permitted an unlawful or fraudulent use of such license;

"7. Has committed an offense in another State, which if committed in this State would be grounds for suspension or revocation;

"8. Has failed or refused to submit a report of any accident in which he was involved as provided in Section 39 of this Act."

A careful examination of the provisions of the General Appropriation Act, as it relates to the Department of Public Safety, does not reveal any authorization for the payment of costs as set forth in your opinion request. Nor have we found any law which would authorize the payment of court costs by the Department of Public Safety. While it may be true, as you have indicated, that the Department should come into court as any other civil litigant, nevertheless, the duty of supplying such authority for the payment of court costs is vested wholly in the Legislature. Section 6 of Article VIII of the Constitution of Texas provides that no money shall be drawn from the Treasury but in pursuance of specific appropriations made by law. Pickle v. Finley, 91 Tex. 484, 44 S.W. 480 (1898).

It is a well established law that where the Legislature imposes an additional duty upon an officer without providing additional compensation therefor, he must perform such duty without further compensation.

Hon. Ralph R. Rash, page 4  (V-554)

Binford v. Robinson, 112 Tex. 84, 244 S.W.807; Duclos v. Harris County, Tex. Com. App. 298 S.W. 417. Therefore, it is the opinion of this department that the Department of Public Safety is not authorized to pay court costs or to make a deposit for costs in a hearing initiated pursuant to Section 22, Article 6687b, V. C. S.

## SUMMARY

The Department of Public Safety is not authorized to pay court costs or to make a deposit for costs in a hearing for the purpose of suspending a driver's license pursuant to Section 22, Article 6687b, V. C. S.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By Burnell Waldrep
Assistant

BW:mw

APPROVED:

FIRST ASSISTANT
ATTORNEY GENERAL