April 17, 2007

The Honorable Rob Baiamonte
Goliad County Attorney
Post Office Box 24
Goliad, Texas 77963

Opinion No. GA-0540

Re: Whether an individual may simultaneously serve as a constable in Goliad County and as a member of the board of directors of the Goliad County Groundwater Conservation District (RQ-0548-GA)

Dear Mr. Baiamonte:

You ask whether an individual may simultaneously serve as a constable in Goliad County and as a member of the board of directors of the Goliad County Groundwater Conservation District (the "district").[1]

The district was created by a special act of the Legislature, pursuant to the authority of article XVI, section 59 of the Texas Constitution. *See* Act of May 25, 2001, 77th Leg., R.S., ch. 1359, 2001 Tex. Gen. Laws 3360, 3360–63. "The boundaries of the district are coextensive with the boundaries of Goliad County, Texas." *Id.* § 3, at 3360. "The district is governed by a board of seven directors." *Id.* § 10(a), at 3361. "If a vacancy occurs on the board, the remaining board members shall appoint a person to fill the vacancy." *Id.* § 11(b), at 3362. You indicate that there is at present a vacancy on the board and that the board is considering the appointment of a Goliad County constable. *See* Request Letter, *supra* note 1.

You first ask whether such appointment would contravene article XVI, section 40 of the Texas Constitution, which provides that "[n]o person shall hold or exercise at the same time, more than one civil office of emolument." TEX. CONST. art. XVI, § 40(a); Request Letter, *supra* note 1. By definition, a member of a governing board holds an "office." *See Aldine Indep. Sch. Dist. v. Standley*, 280 S.W.2d 578, 583 (Tex. 1955) ("the determining factor which distinguishes a public officer from an employee is whether any sovereign function of the government is conferred upon the individual to be exercised by him for the benefit of the public largely independent of the control of others"). An "emolument" has been described as "a pecuniary profit, gain or advantage." *Irwin v.*

---

[1]Letter from Honorable Rob Baiamonte, Goliad County Attorney, to Honorable Greg Abbott, Attorney General of Texas (Oct. 23, 2006) (on file with the Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter].

*State*, 177 S.W.2d 970, 973 (Tex. Crim. App. 1944). Although the reimbursement of actual expenses does not constitute an emolument, any amount received in excess of actual expenses is an emolument. Tex. Att'y Gen. Op. No. GA-0032 (2003) at 2.

Section 5 of the district's enabling legislation provides:

> Except as otherwise provided by this Act, the district has all of the rights, powers, privileges, authority, functions, and duties provided by the general law of this state, including Chapter 36, Water Code, applicable to groundwater conservation districts created under Section 59, Article XVI, Texas Constitution. This Act prevails over any provision of general law that is in conflict with or inconsistent with this Act.

Act of May 25, 2001, 77th Leg., R.S., ch. 1359, § 5(a), 2001 Tex. Gen. Laws 3360, 3360. No provision of the district's enabling legislation makes any reference to compensation for district directors. However, a provision of chapter 36 of the Water Code does so:

> A director [of a groundwater conservation district] is entitled to receive fees of office of not more than $150 a day for each day the director actually spends performing the duties of a director. The fees of office may not exceed $9,000 a year.

TEX. WATER CODE ANN. § 36.060(a) (Vernon Supp. 2006). The compensation is not limited to reimbursement for expenses. *See id.* § 36.060(a)–(b).

"[T]he right to the compensation attached to a public office is an incident to the title to the office." *Markwell v. Galveston County*, 186 S.W.2d 273, 277 (Tex. Civ. App.—Galveston 1945, writ ref'd). The fact that the officer may decline the compensation, or accept less than the full amount, is irrelevant. *See Broom v. Tyler County Comm'rs Court*, 560 S.W.2d 435, 437 (Tex. Civ. App.—Beaumont 1977, no writ). Thus, a district director holds an "office of emolument."

A constable also holds an "office of emolument." A constable is a "precinct officer." TEX. LOC. GOV'T CODE ANN. § 154.001 (Vernon 1999). The Texas Constitution requires a commissioners court to compensate "justices of the peace, constables, deputy constables and precinct law enforcement officers on a salary basis." TEX. CONST. art. XVI, § 61(b).

We conclude that an individual may not, under article XVI, section 40(a) of the Texas Constitution, simultaneously serve as both a Goliad County constable and as a member of the board of directors of the district. Accordingly, we need not consider your question under the common-law doctrine of incompatibility.

## S U M M A R Y

An individual is barred by article XVI, section 40(a) of the Texas Constitution from simultaneously serving as both a Goliad County constable and as a member of the board of directors of the Goliad County Groundwater Conservation District.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

KENT C. SULLIVAN
First Assistant Attorney General

ELLEN L. WITT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Rick Gilpin
Assistant Attorney General, Opinion Committee